## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-05-231 |
| | § | (Civil Action No. H-08-0516) |
| ELMO E. WAID | § | |

## <u>MEMORANDUM AND ORDER</u>

Defendant Elmo Waid filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 165]. The United States filed a Response and Motion to Dismiss [Doc. # 174], and Defendant filed a Response to the Motion to Dismiss [Doc. # 176]. The Court required additional briefing and an affidavit from Waid's trial counsel. The Government filed a Partial Supplemental Response [Doc. # 180] on February 6, 2009, and filed a Second Supplemental Response [Doc. # 182] and the affidavit [Doc. # 183-2] on February 20, 2009.

The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the case, and the application of governing legal authorities, the Court **grants** the United States' Motion to Dismiss,

**denies** Defendant's § 2255 Motion, and **dismisses** the corresponding civil action (H-08-0516) for the reasons set forth below.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Defendant was charged along with co-defendants Gregory Holden and Monkeith Tatum in a four-count Indictment [Doc. # 10] returned May 19, 2005.  In Count 1, Waid was charged with conspiring with Holden and Tatum to affect interstate commerce through the armed robbery of a Kroger grocery store.  In Count 2, Waid was charged with aiding and abetting Holden and Tatum to affect interstate commerce through the armed robbery of the Kroger store.  In Count 3, Waid was charged with aiding and abetting Holden and Tatum in the use of a firearm during and in relation to the robbery of the Kroger store.  In Count 4, Waid was charged with aiding and abetting Holden, a convicted felon, in the possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Defendant entered a plea of not guilty to each count and proceeded to trial.

During the trial, the United States presented evidence that Waid worked for Quickway Trucking and, as part of his job responsibilities, delivered ice cream to the Kroger store.  The store manager, Frederick Ruth, testified that in January 2005, Waid told him that he knew how they could make some money by robbing the Kroger store. Ruth testified that, at that time, he told Waid that he was not interested.

Ruth testified that Waid contacted him again and Ruth agreed to meet with him to discuss the proposed robbery.  Ruth testified that he saw some police officers the following morning and asked for their advice.  The officers placed Ruth in contact with Sergeant Larry Doreck of the robbery division, who had Ruth wear a recording device when he met with Waid at the Golden Corral Restaurant to discuss the proposed robbery.  Ruth testified that Waid offered him $50,000.00 for his assistance in the robbery, which consisted of opening the back door to the store.  Ruth testified that Waid wanted to rob the store early in the morning when the "cash room lady" came in and would have the safe open.

A second meeting took place at a Shipley's Donut Store, during which Ruth drew a map on the back of a napkin to show how to get to the cash room.  Waid's plan was for Holden to enter through the door on the receiving dock, but Ruth expressed concern about Holden going into the Kroger store by himself.  Ruth testified that Waid and Holden stated that they would need guns.  Tatum, a friend of Holden's, agreed to be the driver for the robbery.

On the morning of the planned robbery, Waid called Holden and said he could not make it but that Holden should go ahead with the plan.  Holden, firearm in hand, pushed the button to be admitted through the receiving dock door, but was met by the police and was arrested.  The incident was recorded on videotape.

The jury returned a verdict of guilty of all four counts of the Indictment.  After reviewing the Presentence Report and conducting a sentencing hearing, the Court sentenced Waid to a total term of imprisonment of 147 months.

Defendant appealed his conviction to the United States Court of Appeals for the Fifth Circuit, arguing that there was insufficient evidence to support his conviction for being a felon in possession of a firearm because he did not personally possess the firearm in question and had no knowledge that Holden would possess the specific firearm rather than some other firearm.  The Fifth Circuit rejected Waid's argument and affirmed his conviction.  This § 2255 Motion followed.

## II.   <u>STANDARD OF REVIEW FOR SECTION 2255 MOTIONS</u>

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice."  *Id.*  Of course, this procedural bar does not apply to claims that could

not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

Defendant is proceeding *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### A.   Applicable Legal Standard

Defendant claims that he was denied effective assistance of counsel.  The Sixth Amendment guarantees criminal defendants the effective assistance of counsel.  *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness.  *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *cert. denied*, 547 U.S. 1041 (2006).  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* (quoting *Strickland*, 466 U.S. at 689).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  An attorney's failure to make meritless arguments does

not demonstrate deficient performance and cannot form the basis for relief under

§ 2255.  *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

To prove prejudice, a defendant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189

(5th Cir.) (quoting *Strickland*, 466 U.S. at 694), *cert. denied*, 546 U.S. 919 (2005).

## B.     Counsel at Trial and Sentencing

Defendant argues that his trial counsel was constitutionally ineffective, both

during trial and at sentencing.  Defendant argues in Claims 2 and 10 that his attorney

failed to object to the "tainted" audiotape and to show that he was actually innocent,

even though defense counsel "knew" that Defendant was not at the meeting at the

Golden Corral.  Defendant argues in Claim 3 that his attorney failed to argue that the

Court lacked jurisdiction over Count 3 of the Indictment under *Bailey v. United States*,

516 U.S. 137 (1995).  Defendant argues in Claim 4 that counsel knew he was not the

person in the videotape of the attempted robbery.  In Claims 5, 6, and 15, Defendant

argues that his attorney failed to call witnesses and present evidence at trial and at

sentencing.  In Claims 7 and 12, Defendant argues that he should have been appointed

a new attorney and in Claim 16, Defendant argues that the Government failed to

disclose that it would not charge Holden with possession of a sawed-off shotgun. Defendant has failed to demonstrate that his attorney's performance during trial and at sentencing was constitutionally deficient.

*Tape Recording of Meeting at Golden Corral* -- In Claims 2 and 10, Defendant argues that his attorney rendered ineffective assistance by failing to object to a "tainted" tape recording even though defense counsel "knew" that Defendant was not at the Golden Corral.  Defendant does not explain, and it is not apparent from the record, how defense counsel could have "known" whether Defendant was at the Golden Corral.  Indeed, Ruth and Sgt. Larry Doreck both testified that Waid was present at the meeting at Golden Corral.  Additionally, Waid has not shown that the recording of the meeting was "tainted" or that defense counsel was constitutionally ineffective.

*Court's Jurisdiction Over Count Three* -- In Claim 3, Defendant argues that his attorney was ineffective because he failed to challenge the Court's jurisdiction over Count 3 of the Indictment under *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey*, the Supreme Court held that conviction for "use" of a firearm in connection with a separate crime requires proof of "active employment" of the firearm.  *See Bailey*, 516 U.S. at 150.  Waid argues that he did not actively employ the firearm in connection with the robbery.

Waid, however, was charged in this case with aiding and abetting the use of the firearm in connection with a crime of violence. The evidence presented at trial, if believed by the jury, established that Waid instructed Holden to obtain a firearm to use in the grocery store robbery, that Holden acquired a firearm as instructed by Waid, and that Holden had the firearm in his hand when he rang for entry through the loading dock door in order to rob the Kroger store. Defense counsel was not constitutionally ineffective for failing to challenge the Court's jurisdiction under *Bailey* because there was ample evidence to support a conviction for aiding and abetting the active employment of the firearm during the robbery.

***Motion for New Trial*** -- In Claim 4, Defendant complains that defense counsel failed to file a motion for new trial based on his knowledge that Waid was not in the videotape of the attempted robbery. It was undisputed during the trial that Waid was not physically present during the attempted robbery and, as a result, there was no argument by the Government that Waid was on the videotape. It would have been frivolous to file a motion for a new trial based on Waid's undisputed absence from the videotape, and counsel was not ineffective for not filing such a frivolous motion.

***Witnesses and Evidence*** -- In Claims 5, 6, and 15, Defendant challenges counsel's failure to call certain witnesses and present certain evidence, both during trial and at sentencing. Defendant complains specifically that his attorney failed to

call his manager from Quickway Trucking to testify and present evidence that Defendant was not making deliveries to the Kroger store after October 2004 and that he was working on the night of the robbery.

The Court notes again that it was undisputed at trial that Waid was not present at the scene of the attempted robbery and the reason for his absence was not relevant.

As to the date Defendant stopped making deliveries to the Kroger store, Ruth testified that the discussion with Waid regarding the robbery was in late January 2005, somewhere around the time that Waid was taken off of the delivery route for the Kroger store. Ruth admitted on cross-examination that he did not know exactly when Waid stopped making deliveries to the Kroger store, but that he had not seen Waid for awhile before the January 2005 discussion. Ruth's testimony that the January 2005 discussion occurred awhile after Waid stopped making deliveries to the Kroger store would only have been supported by evidence from Waid's manager that he stopped delivering to the Kroger store in October 2004.

Presenting evidence to support the testimony of the Government's witness was inconsistent with the defense's overall strategy to attempt to discredit the witnesses for the United States. *See* Affidavit [Doc. # 183-2], pp. 1-2. Waid has not shown that the failure to call the Quickway Trucking manager, and to have him bring Defendant's work records, was ineffective assistance of counsel.

Defendant also asserts that his attorney was ineffective for failing to call two of Defendant's holding cellmates to testify at sentencing that they had not heard Waid threaten Holden.  A Deputy United States Marshal testified during the sentencing that he had questioned the other inmates in Waid's holding cell and they all stated that they had not heard anything.  *See* Sentencing Transcript [Doc. # 128], p. 19.  Because the uncontroverted evidence was that the cellmates did not hear Waid threaten Holden, it was not ineffective for defense counsel not to call the cellmates to testify also.

*Conflict With Counsel* -- Defendant argues in Claims 7 and 12 that he should have been appointed new counsel because his attorney had a conflict of interest.  The only conflict identified, however, is a conflict between Waid and his attorney because counsel advised Waid to plead guilty.  The Court conducted a hearing on Waid's request for appointment of a new lawyer and determined that there was no basis for appointing a different attorney.  Defendant has failed to show that any conflict existed that prevented his attorney from rendering effective legal assistance.

*Promise to Holden* -- In Claim 16, Defendant asserts that he received ineffective assistance of counsel because his attorney failed to object that the Government had not given notice that it promised Holden that he would not be charged with possession of a sawed-off shotgun.  The record does not support Defendant's assertion that such a promise was made.  Pursuant to Holden's plea

11

agreement, the Government agreed to dismiss certain counts of the Indictment, none of which relate to a sawed-off shotgun, and agreed not to oppose a downward adjustment for acceptance of responsibility. *See* Plea Agreement [Doc. # 34], pp. 3-4. The written plea agreement also states specifically that it is "the complete plea agreement" and that no "promises or representations have been made by the United States except as set forth in writing in this plea agreement." *Id.* at 13. Defendant has not shown that there existed a promise by the United States not to charge Holden with possession of a sawed-off shotgun or that defense counsel had knowledge of such a promise if it existed. Consequently, it was not constitutionally ineffective not to object to the Government's failure to disclose such a promise.

### C.    Counsel on Appeal

Defendant argues that he was denied effective assistance of counsel on appeal when appellate counsel failed to show that a Motion for Judgment of Acquittal was timely filed (Claim 11) and failed to file a supplemental brief, motion for rehearing en banc, and petition for writ of certiorari. Defendant has failed to demonstrate that his appellate attorney's performance was in any way deficient.

The record reflects that defense counsel did not move for judgment of acquittal either at the close of the Government's evidence or at the close of all the evidence. As a result, appellate counsel could not have shown that a Motion for Judgment of

Acquittal was timely filed, and Waid's argument on this issue does not support § 2255 relief.

With reference to the motion for rehearing and the petition for writ of certiorari, the right to counsel – effective or otherwise – is not implicated in connection with such applications for discretionary review. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). With reference to the request that appellate counsel file a supplemental brief on appeal, Defendant did not identify in the motion filed with the Fifth Circuit and does not identify in his § 2255 Motion any non-frivolous issues that should have been presented in a supplemental brief.

Having failed to show either deficient performance or resulting prejudice, Defendant has failed to establish ineffective assistance of counsel and his § 2255 Motion on this basis is denied.

## IV.    SUBSTANTIVE CLAIMS

Defendant argues that his conviction should be vacated because the Government knowingly used unsubstantiated testimony to obtain a fatally defective indictment (Claim 1), that his rights under the Sixth Amendment were violated when the Court denied his request for substitute counsel (Claim 8), that his due process rights were violated when the Government presented false testimony at trial (Claim

9), and that his constitutional rights were violated when he was sentenced based on facts not charged in the indictment and proven beyond a reasonable doubt (Claim 14).

### A.   <u>Claim 1 – Indictment</u>

In Claim 1, Defendant argues that the allegation in Count Two of the Indictment that he attempted to take approximately five hundred thousand dollars ($500,000.00) from the Kroger store is false because there was no evidence that there was that amount of money at the store at the time of the attempted robbery.  Defendant argues that the Indictment is, therefore, fatally defective because it was obtained through the Government's knowing use of unsubstantiated testimony.

An Indictment is not fatally defective unless it was obtained through "perjury before the grand jury" that was "knowingly sponsored by the government."  *See United States v. Strouse*, 286 F.3d 767, 772 (5th Cir. 2002).  In this case, Defendant has not presented evidence that the Government knowingly presented perjured testimony before the grand jury.  There is no evidence regarding what evidence was presented to the grand jury, but the Court notes that the Criminal Complaint [Doc. # 1] does not include any reference to a $500,000.00 amount.  Additionally, the $500,000.00 amount is not an element of the offense.

Defendant has not presented a factual or legal basis for his argument that the Indictment was fatally defective.  As a result, he is not entitled to relief on the basis of Claim 1.

### B.    Claim 8 -- Request for Substitution of Counsel

Defendant argues that his rights under the Sixth Amendment were violated when the Court denied his request for substitution of counsel.[1]  Defendant filed a motion in the Fifth Circuit asking to have another lawyer appointed for his appeal because his original attorney refused to file "an addendum" to the appeal.  The Fifth Circuit denied the request, noting that Defendant had not "shown a conflict of interest or other pressing circumstances which would support his motion to relieve his counsel and to appoint new counsel."  *See* Order entered December 8, 2006 in Fifth Circuit Appeal No. 05-21037.

The only issue Defendant identifies in connection with this claim is that appellate counsel failed to file a motion for rehearing en banc, a supplemental brief, and a petition for writ of certiorari.  As was discussed above, the right to counsel is not implicated in connection with applications for discretionary review such as

---

[1]    In the "Grounds Presented" section of Defendant's Motion, he states that the Court violated his rights when it refused his request to substitute counsel at trial and on appeal.  *See* Defendant's Motion, p. 13.  In the section of Defendant's Motion explaining each claim, however, he discusses only his appellate counsel.  *See id.* at pp. 19-20.

petitions for writ of certiorari, *see Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and Defendant does not identify any non-frivolous issues that should have been presented in a supplemental brief.  As a result, Defendant has not shown that his Sixth Amendment rights were violated by the denial of his request for substitute appellate counsel.

### C.    Claim 9 -- Due Process Claim

Defendant states that his due process rights were violated when the Government presented false testimony.   To prevail on this claim Waid must show that the prosecutor knowingly presented materially false testimony to the jury.  *See United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002); *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir. 1994).   Specifically, Waid must show (1) false testimony; (2) the government knew the testimony was false; and (3) the testimony was material.  *See Mason*, 293 F.3d at  828.

Defendant cites testimony presented at various pretrial conferences and affidavits that were not introduced into evidence at trial.  This evidence was not material because it was not the basis for his conviction and cannot support an order granting the requested relief.

Defendant also cites the trial testimony of Frederick Ruth, Gregory Holden, Patrick Goody, and Technical Surveillance Officer Michael Yates.  Defendant does

not identify what part of their testimony is false and does not state the factual basis for his allegation that the Government knew that any testimony it presented was false. It is clear and beyond dispute that Defendant claims the witnesses against him were testifying falsely. Defendant has not, however, provided any support for his claim that the Government knowingly presented any false testimony, and he is not entitled to relief under § 2255 on Claim 9.

### D.   Claim 14 -- Sentencing Adjustment for Obstruction of Justice

Defendant argues in Claim 14 that his sentence was based on a Sentencing Guidelines calculation that included an adjustment for obstruction of justice that was not charged in the indictment, to which he did not admit, and that was not found by the jury beyond a reasonable doubt.   "A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."  *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *see also Inzunza-Ramirez v. United States*, 2007 WL 2402554, *6 (W.D. Tex. Aug. 14, 2007) (holding that "challenges to a sentencing court's factual findings concerning sentencing adjustments may not be raised in a § 2255 proceeding if they could have been raised on direct appeal").  Moreover, the Court sentenced Defendant at the top of the guideline range and would not have given Defendant a lesser sentence without the adjustment for obstruction of justice.  Defendant is not entitled to have his

conviction or sentence vacated based on the Court's application of the Sentencing Guidelines.

## V.   __CERTIFICATE OF APPEALABILITY__

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255

Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would conclude without debate that Waid has not stated a valid claim for relief under § 2255.   Accordingly, a certificate of appealability will not issue.

## VI.   CONCLUSION AND ORDER

Because Defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255.   Based on the foregoing, the Court **ORDERS** as follows:

1.   The United States' Motion to Dismiss [Doc. # 174] is **GRANTED**, Defendant's pending § 2255 motion [Doc. # 165] is **DENIED**, and the corresponding civil action (H-08-0516) is **DISMISSED** with prejudice.

2.   A certificate of appealability from this decision is **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-08-0516.

SIGNED at Houston, Texas, this 25th day of **February, 2009**.

Nancy F. Atlas
United States District Judge