# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-05-0231-01 |
| v. | § | |
| | § | (Civil Action No. H-08-0516) |
| ELMO WAID | § | |

## **MEMORANDUM AND ORDER**

Defendant Elmo Waid filed a Motion Under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 165], which the Court denied in a Memorandum and Order [Doc. # 184] and Final Order [Doc. # 185]. The case is now before the Court on Defendant's "Motion to Alter or Amend Judgment Denying Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC 2255" ("Motion") [Doc. # 186]. Defendant argues that his due process and equal protection rights were violated when the Court ruled on the § 2255 Motion without allowing time for Defendant to file a reply to the United States's supplemental response and affidavit of counsel. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion

"calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In this case, Defendant filed his 41-page § 2255 Motion that included a full, comprehensive brief and exhibits supporting the requested relief. The United States filed its Response and Motion to Dismiss [Doc. # 174], and Defendant filed a 35-page Response to the Government's Motion to Dismiss [Doc. # 176]. The Court reviewed the record and ordered the United States to file supplemental briefing and an affidavit from Waid's defense counsel. *See* Order [Doc. # 178].

The supplemental briefing filed by the United States on February 6, 2009 [Doc. # 180] cited to testimony that was already in the record before the Court and raised no new issues. The supplemental briefing filed by the United States on February 20, 2009 [Doc. # 182] addressed a sentencing issue and was not relied upon by the Court in reaching its decision on the § 2255 Motion. The affidavit of defense counsel [Doc. # 183], as noted by Defendant in his Motion, failed to address in any meaningful way the issues raised by the Court in its prior Order. The only statement in the affidavit relied upon by the Court was the statement that the defense's "overall strategy" was

to discredit prosecution witnesses. This information was already apparent from the record as it existed prior to the filing of the affidavit.

Defendant had a full and fair opportunity to present and argue his § 2255 Motion and to oppose the United States's Motion to Dismiss. The matters presented in the supplemental briefing and the affidavit were not new and did not require additional briefing by either party. Defendant's due process and equal protection rights were not violated by his not having an opportunity – an opportunity he did not request – to file a sur-reply to the Motion to Dismiss or a sur-sur-reply to his own § 2255 Motion. As a result, it is hereby

**ORDERED** that Defendant Elmo Waid's Motion to Alter or Amend Judgment [Doc. # 186] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **April, 2009**.

_____
Nancy F. Atlas
United States District Judge